OPINION OF THE COURT
Elliott Golden, J.
Plaintiff’s motion for a preliminary injunction, enjoining defendants from conducting the public auction sale of the subject shares and appurtenant proprietary leases, upon the terms and conditions imposed by the apartment corporation, is granted.
Plaintiff owns unsold shares of the apartment corporation. The auction is being held by virtue of plaintiff’s default in making maintenance payments to the corporation. Defendants have not articulated any sustainable basis for barring plaintiff from bidding at the auction. The remedy for default set forth in the Proprietary Lease (at 84) and the Regulations of the Department of Law (13 NYCRR 18.3 [v] [7]) is that upon a default in the payment of maintenance, the apartment corporation has a lien on the shares and can foreclose. There is nothing in the regulations or the Proprietary Lease that provides that an owner of unsold shares who defaults can be permanently barred from owning shares or bidding at an auction.
While the court recognizes why the corporation would not want plaintiff to own shares, given his track record of default and the history of strained relations between the par *52 ties, there is simply no authority cited to this court for imposing the penalty of barring plaintiff from participating in the auction. This conclusion is not inconsistent with the court’s prior determination that plaintiff cannot compel the corporation to allow him to redeem his shares of stock. Permitting plaintiff to bid at auction and possibly repurchase some or all of the unsold shares is not the same as allowing him to redeem the shares by tendering the past due maintenance payments and legal expenses claimed as due. Furthermore, concepts of equity and reasonableness support such conclusions as well.
The terms and conditions of sale imposed by the corporation are also improper to the extent that they provide that the consent of the corporation is required for the sale (Terms and Conditions of Sale para 8), and impose the blanket rule that the purchaser will not be a holder of unsold shares or an unsold shareholder (Terms and Conditions of Sale para 14). Regarding the consent requirement, the Proprietary Lease and the ByLaws both provide that the assignment of unsold shares does not require the consent of the corporation (Proprietary Lease para 38 [b]; para 16 [a] [vi]; By-Laws, art 2, § 10). And, the corporation cannot impose a condition nor can it determine, prior to the auction, that the purchaser will not be a holder of unsold shares or an unsold shareholder. The Regulations of the Department of Law and the Proprietary Lease both provide that unsold shares retain their status as such until they are bought by a purchaser for occupancy of the apartment (13 NYCRR 18.3 [w]; Proprietary Lease para 38 [a]). * Accordingly, it cannot be determined by the corporation prior to the auction that the purchaser will not be a holder of unsold shares or an unsold shareholder, as that determination is dependent on whether the shares become the property of a purchaser for occupancy.
The court notes that the auction may result in a situation that is akin to a situation addressed by the Attorney-General’s office in a memorandum dated October 16, 1991 regarding, inter alia, a lender’s foreclosure of unsold shares. In that memorandum, it was stated that "[w]hen shares of a coop are taken by a lender due to a sponsor default, the lender cannot be *53 considered a traditional 'holder of unsold shares’. That is because the transfer lacks the key elements of a 'holder of unsold shares’: designation of the new holder by the sponsor and sponsor’s guarantee of the holder’s financial obligations” (mem, at 2). However, significantly, the memorandum further states that "[t]he rights of this new sponsor, however, are identical to those it would have had if it had been the original sponsor or holder of unsold shares. Along with the duty to file amendments and other obligations of a sponsor flows the right in a coop to be able to sell, transfer or sublet without board approval” (mem, at 2).
Further, the corporation has not cited any authority for imposing the requirement that any purchaser purchasing an apartment occupied by a third party must deposit two months’ maintenance charges with the corporation. By definition, a purchaser buying an apartment occupied by a third party is not purchasing for occupancy. In that situation, the unsold shares would retain their character as unsold shares (see, Proprietary Lease; Regulations of the Department of Law; Attorney-General’s Mem, op. cit.). 13 NYCRR 18.3 (n) (4) provides that except for the sponsor and holders of unsold shares, agreements to purchase shares of units occupied by nonpurchasing tenants shall include an agreement by the purchaser to deposit not less than two months’ maintenance charges. Since the purchaser referred to by the corporation in this condition of sale would have the rights of a holder of unsold shares, the corporation cannot impose the condition that two months’ maintenance be deposited, as that would be contrary to the regulations.
Based upon all of the foregoing, defendants are enjoined from conducting the auction upon the aforementioned terms and conditions that they have imposed.

 The court notes that although this paragraph provides that the unsold shares shall cease to be designated as unsold shares or to retain their character as such "until” such shares become the property of a purchaser for bona fide occupancy, this is apparently an inadvertent misstatement, and "until” should be read as "when” in order for the wording of this paragraph to make sense and to comport with the applicable regulation.